UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

DANIEL LEE NEW,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS,

        Defendant.
_____/

Case No. 2:20-cv-184

Honorable Robert J. Jonker

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

### Discussion

**I.      Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Newberry Correctional Facility (NCF) in Newberry, Luce County, Michigan.  The events about which he complains occurred at that facility.  Plaintiff sues the MDOC.

Plaintiff alleges, on his own behalf and on behalf of others similarly situated, that he is incarcerated under conditions that are inconsistent with the recommendations of the Center for Disease Control, in violation of his Eighth Amendment rights.

Plaintiff seeks damages of $1000.00 per day for each day he has been held in an unsafe environment. Plaintiff also asks for release to home confinement.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff alleges the MDOC has violated his Eighth Amendment right to be free of cruel and unusual punishment.

### III.    Plaintiff as a representative of other prisoners

Plaintiff purports to bring this action on behalf of himself and other individuals similarly situated. In general, a party may plead and conduct his or her case in person or through a licensed attorney; he may not act in a representative capacity on behalf of others. 28 U.S.C. § 1654; *Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009). Only a licensed attorney may represent other persons. *See Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03 (1993); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969).

In addition, an adult litigant who wishes to proceed *pro se* must personally sign the complaint. *See Steelman v. Thomas*, No. 87-6260, 1988 WL 54071, at *1 (6th Cir. May 26, 1988); *see also* Fed. R. Civ. P. 11(a) (stating that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented"). Only Plaintiff signed the complaint. He is not an attorney. Consequently, his signature is not effective to bring claims on behalf of other individuals identified as plaintiffs. Thus, the Court does not recognize the other individuals as plaintiffs in this action.

Furthermore, Plaintiff does not have standing to assert the rights of these other individuals. *See Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992). As a layman, Plaintiff may only represent himself with respect to his own claims. He cannot bring claims asserting the constitutional rights of other people. Thus, to the extent Plaintiff's claims are based on the rights of other prisoners, he does not state a viable claim.

## IV.     Sovereign immunity

Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See*, *e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010). Therefore, Plaintiff's complaint seeks monetary relief against a defendant who is immune from such relief, Plaintiff's claim against the MDOC is properly dismissed on grounds of immunity under 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b), and 42 U.S.C. § 1997e(c).

In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613,

617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771. Therefore, Plaintiff's claim against the MDOC is also properly dismissed for failure to state a claim.

## V.     Release as a remedy under § 1983

In addition to damages, Plaintiff asks to be released from prison to home confinement. Plaintiff is not entitled to such relief under § 1983. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Therefore, Plaintiff's complaint fails to state a claim to the extent the relief he requests is release.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:      October 13, 2020                             /s/ Robert J. Jonker
                                                         Robert J. Jonker
                                                         Chief United States District Judge